# Exhibit A



Case Information Summary for Case Number
## 2013-L-001451

| | |
|---|---|
| Filing Date: 2/8/2013 | Case Type: PERSONAL INJURY (PRODUCT LIABILITY) |
| Division: Law Division | District: First Municipal |
| Ad Damnum: $30001.00 | Calendar: D |

### Party Information

**Plaintiff(s)**
VOLPE ELIZABETH

**Attorney(s)**
EPISCOPE PAUL B
77 W WASHINGTON
CHICAGO IL, 60602
(312) 782-6636

**Date of Service**

**Defendant(s)**
MEDTRONIC INC

**Attorney(s)**

### Case Activity

Activity Date: 2/8/2013 — Participant: VOLPE ELIZABETH
PERSONAL INJURY (PRODUCT LIABILITY) COMPLAINT FILED

Court Fee: 337.00
Ad Damnum Amount: 30001.00
Attorney: EPISCOPE PAUL B

Activity Date: 2/11/2013 — Participant: VOLPE ELIZABETH
CASE MANAGEMENT CALL NOTICE MAILED

Date: 5/7/2013
Court Time: 1000

Activity Date: 2/13/2013 — Participant: MEDTRONIC INC

## SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Date: 2/13/2013  Microfilm: LD000000000
Court Fee: 60.00

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.

Start a New Search

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ELIZABETH VOLPE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MEDTRONIC, INC., | ) | |
| a Minnesota corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, ELIZABETH VOLPE, by and through her attorneys, PAUL B. EPISCOPE, LLC, and complaining of Defendant, MEDTRONIC, INC., a Minnesota corporation, states as follows:

### COUNT I
### (STRICT LIABILITY)

1. At all times relevant herein, Plaintiff, ELIZABETH VOLPE, was and remains a resident of Cook County, Illinois.

2. At all times relevant herein, Defendant, MEDTRONIC, INC., was and remains a Minnesota corporation which was authorized to and did in fact conduct business in Cook County, Illinois.

3. On and prior to April 12, 2006, Plaintiff, ELIZABETH VOLPE, came under the medical care of Dr. Stephen Ondra at Northwestern Memorial Hospital in Chicago, Cook County, Illinois for treatment of spinal scoliosis.

4. On or about April 12, 2006, in furtherance of correcting Plaintiff's symptomatic scoliosis and to repair spinal hardware which had previously failed, Dr. Stephen Ondra performed a surgical procedure to Plaintiff's lower back at Northwestern Memorial Hospital.

5. During the aforementioned April 12, 2006 procedure, Dr. Stephen Ondra and assistant physicians at Northwestern Memorial Hospital installed hardware known as the CD Horizon Legacy Spinal System in an attempt to fuse vertebrae within Plaintiff's spine.

6. The aforementioned CD Horizon Legacy Spinal System included, *inter alia*, two vertical connecting rods.

7. The aforesaid CD Horizon Legacy Spinal System, including the vertical connecting rods incorporated therein, was designed, manufactured, distributed and sold by Defendant, MEDTRONIC, INC.

8. On or about September 20, 2011, Plaintiff, ELIZABETH VOLPE, underwent x-ray examination of her lumbar spine due to continuing complaints of pain in her lower back.

9. The September 20, 2011 x-ray examination of Plaintiff's lumbar spine disclosed for the first time that the aforementioned vertical connecting rods had fractured and otherwise come apart.

10. At all times herein mentioned, Defendant, MEDTRONIC, INC., had a duty to design, manufacture, market, distribute and sell vertical connecting rods for use in its CD Horizon Legacy Spinal System which were not unreasonably dangerous and defective when used in a reasonably foreseeable manner.

11. At the time the aforesaid vertical connecting rods left Defendant's control and were placed into the stream of commerce, they were in a condition which rendered them unreasonably dangerous and defective and unsafe in one or more of the following respects:

    (a) The aforesaid rods fractured and otherwise came apart under normal conditions of use;

(b) the aforesaid rods did not have proper warnings regarding the possibility of product failure and/or breakage which could result in serious pain, suffering and the necessity for additional medical and surgical treatment;

(c) the aforesaid rods were inadequately tested to ensure they would perform as intended and expected under normal movement of the spine during normal activities of daily living;

(d) the aforesaid rods were inadequately inspected to ensure they would perform as intended and expected under normal movement of the spine during normal activities of daily living;

(e) the aforesaid rods were designed with specifications which were inadequate to allow the rods to withstand breakage under normal movement of the spine during normal activities of daily living; and

(f) they were otherwise unreasonably dangerous, defective and unsafe.

12. From April 12, 2006 up through and including when she first discovered that the aforesaid vertical connecting rods had fractured on September 20, 2011, Plaintiff, ELIZABETH VOLPE, was using the rods in a normal and expected manner.

13. Given the fact that a post-operative radiographic study of the aforesaid vertical connecting rods done after the April 12, 2006 surgery demonstrated that the rods were intact, and given that there is no other reasonable explanation for the rods' failure to perform as intended, the rods were defective and unreasonably dangerous when they left the control of Defendant, MEDTRONIC, INC.

14. As a direct and proximate result of the aforesaid defective and unreasonably dangerous condition of Defendant's product, Plaintiff, ELIZABETH VOLPE, was injured and suffered damages.

WHEREFORE, Plaintiff, ELIZABETH VOLPE, prays for judgment against Defendant, MEDTRONIC, INC., in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT II
### (NEGLIGENCE)

1-9. Plaintiff adopts and incorporates by reference her allegations contained in Paragraphs 1 through 9 of Count I as and for Paragraphs 1 through 9 of this Count II as though fully set forth herein.

10. At all times relevant herein, Defendant, MEDTRONIC, INC., owed a duty to exercise reasonable care in its design, manufacture, distribution and sale of the aforesaid vertical connecting rods used in its CD Horizon Legacy Spinal System.

11. Defendant, MEDTRONIC, INC., breached the aforesaid duty by committing one or more of the following negligent and careless acts and/or omissions:

(a) Defendant manufactured, distributed, marketed and sold a spinal hardware system which was unfit for its intended use;

(b) Defendant failed to accompany its product with proper warnings regarding the possibility of product failure and/or breakage which could result in serious pain, suffering and the necessity for additional medical and surgical treatment;

(c) Defendant failed to adequately test the aforesaid vertical rods to ensure they were reasonably safe, sturdy and fit for intended use;

(d) Defendant placed the aforesaid CD Horizon Legacy Spinal System, which was unfit for its intended and reasonably anticipated purpose, into the stream of commerce;

(e) Defendant failed to adequately inspect the rods incorporated into the aforesaid CD Horizon Legacy Spinal System to determine if they were in a reasonably safe condition;

(f) Defendant failed to design rods with adequate strength to withstand normal and ordinary wear-and-tear when used in a reasonably anticipated patient with scoliosis; and

(g) Defendant otherwise designed, manufactured, sold and marketed an unreasonably dangerous and defective product.

12. As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, MEDTRONIC, INC., Plaintiff, ELIZABETH VOLPE, suffered injuries and damages.

WHEREFORE, Plaintiff, ELIZABETH VOLPE, prays for judgment against Defendant, MEDTRONIC, INC., in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

PAUL B. EPISCOPE, LLC

By: *[signature]*
Peter D. Tarpey

Attorney #20075
PAUL B. EPISCOPE, LLC
225 W. Wacker Drive, Suite 1515
Chicago, IL 60606
312.782.6411

## ILLINOIS SUPREME COURT RULE 222 AFFIDAVIT

The undersigned attorney, Eric D. Jones, hereby certifies pursuant to Illinois Supreme Court Rule 222(b) that the total of money damages sought in the above-captioned matter *does* exceed $50,000.00.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____         _____
Peter D. Tarpey                                                    Date

-6-